IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HANNAH MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAPSTONE LOGISTICS, LLC, AND ERIC PLATTS,<br><br>Defendants. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Hannah Martinez ("Plaintiff" or Ms. Martinez"), through undersigned counsel, and files this Complaint for Damages against Defendants Capstone Logistics, LLC ("Defendant Capstone" or "Capstone") and Eric Platts ("Defendant Platts" or "Mr. Platts") and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action to recover damages for Defendant Capstone's violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, et. seq ("Title VII"). Plaintiff also brings state law claims against Defendant Platts.

2.

This action seeks, inter alia, declaratory and equitable relief, along with monetary damages, attorney's fees, and costs.

**JURISDICTION AND VENUE**

3.

Plaintiff invokes the jurisdiction of this court over the Title VII claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f). Plaintiff invokes the jurisdiction of this court over the state law claims pursuant to 28 U.S.C. § 1367 as they arise out of the same case or controversy as Plaintiff's Title VII claim.

4.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391 and 42 U.S.C. §2000(e)-5(f).

## PARTIES AND FACTS

5.

From November 2022 to January 2023, Plaintiff was employed by Capstone as a Warehouse Associate.

6.

On or around December 5, 2022, Ms. Martinez asked Mr. Platts, Project Manager, during a meeting how she could access an application to work on the Road Crew. At the end of the meeting, Mr. Platts told Ms. Martinez, "Don't leave yet – I need to talk to you." Mr. Platts pulled Ms. Martinez aside in the conference room and proceeded to ask Ms. Martinez about her relationship status, whether she had kids, and whether she was ready to "be on the road." Ms. Martinez told Mr. Platts that she was in a relationship but did not see how that was relevant to her work.

7.

Following the conversation with Mr. Platts, Ms. Martinez went to her car to smoke. Mr. Platts called Ms. Martinez and asked where she was, and Ms. Martinez told him she was in her car smoking. Mr. Platts pulled up in his car next to Ms. Martinez's vehicle and said, "Follow me." Ms. Martinez followed Mr. Platts in her vehicle.

8.

Mr. Platts and a few non-local Capstone employees were staying at hotels while working in Atlanta. Mr. Platts stayed at a different hotel than the other non-local Capstone employees. Mr. Platts and Ms. Martinez pulled up to Mr. Platts' hotel, parked, and got out of their vehicles.

9.

Ms. Martinez was confused about why they drove to a hotel. Mr. Platts told Ms. Martinez that his laptop was upstairs, and he did not bring it to work. Mr. Platts told Ms. Martinez to come to his hotel room to retrieve the laptop. Once in the room, Mr. Platts asked Ms. Martinez to sit on the bed and offered Ms. Martinez a bottle of water. When Mr. Platts handed Ms. Martinez the bottle of water it felt slightly deflated, as if it had been opened. When Ms. Martinez took a sip of the water, it tasted like fruit juice or candy. Ms. Martinez immediately spit out the water.

10.

Without warning, Mr. Platts stripped naked and asked Ms. Martinez if she wanted to change her clothes. Ms. Martinez told Mr. Platts no. Mr. Platts subsequently jumped on the bed and put his arms around Ms. Martinez. Mr. Platts grabbed Ms. Martinez's butt and thigh and tried to pull Ms. Martinez in close to kiss her. Ms. Martinez pulled away from Mr. Platts and stood up. Ms. Martinez told Mr.

Platts that she needed to smoke in order to get away from the situation. Mr. Platts gave Ms. Martinez his key card to the room. Ms. Martinez left the room and ran to her car crying.

11.

Ms. Martinez immediately called Gordon Polite ("Mr. Polite"), Lead Supervisor, to tell him about Mr. Platts. Mr. Polite said he could not understand what Ms. Martinez was saying because she was crying and asked Ms. Martinez to come to the hotel where he and the other non-local Capstone employees were staying.

12.

Mr. Polite met Ms. Martinez in the hotel lobby and Ms. Martinez told him that Mr. Platts stripped naked and assaulted her. Mr. Polite went to Mr. Develle, Road Crew Supervisor, and told him about Mr. Platts assault of Ms. Martinez. Mr. Polite also asked Mr. Develle how to handle the situation. Mr. Develle was Mr. Polite's supervisor but was significantly younger than Mr. Polite and was unsure of what to do. Mr. Develle asked Mr. Polite, "Do you think I should fire her?" Mr. Polite told Mr. Develle no and that it would not be right to fire Ms. Martinez.

13.

While Mr. Polite talked with Mr. Develle, Ms. Martinez checked her phone and saw Mr. Platts sent her a text message asking, “Is everything okay?” and that she had four (4) missed calls from Mr. Platts.

14.

When Mr. Polite returned, he told Ms. Martinez that Mr. Develle already knew about what happened because Mr. Platts called him. Mr. Develle took no action regarding Ms. Martinez’s assault.

15.

On or about December 9, 2022, Ms. Martinez returned to work and another lead supervisor, Dan (Last Name Unknown), asked her about what happened with Mr. Platts. Dan told Ms. Martinez that several Capstone employees already knew about what Mr. Platts did at the hotel. Ms. Martinez also learned that Mr. Platts left on an emergency flight home.

16.

On or about December 9, 2022, Ms. Martinez requested a form from Sean Sampson (“Mr. Sampson”), Supervisor, to report the sexual assault.

17.

On or about December 10, 2022, Ms. Martinez submitted the completed form to Mr. Sampson with a statement describing what happened in the hotel room with Mr. Platts. Approximately twenty (20) minutes after Ms. Martinez submitted her statement, Mr. Develle called Ms. Martinez multiple times and sent a text message stating, "Call me now." Ms. Martinez told Mr. Sampson that Mr. Develle was calling her, and Mr. Sampson called Mr. Develle back on Ms. Martinez's behalf. Mr. Sampson told Mr. Develle that he should not speak with Ms. Martinez about the hotel incident. Mr. Develle hung up the phone on Mr. Sampson. Approximately two (2) minutes later, Mr. Platts began calling Mr. Sampson repeatedly. Mr. Sampson stated that Mr. Platts had never called him before.

18.

Mr. Sampson also called his Manager, Corey (Last Name Unknown), and told him that he was concerned that the hotel incident would impact Ms. Martinez's application for Road Crew. Corey assured Ms. Martinez that her Road Crew paperwork was approved.

19.

On or about December 11, 2022, Ms. Martinez received her Road Crew approval and saw that she was listed as "DND," meaning do not deploy.

20.

On or about December 14, 2022, Kianna (Last Name Unknown), Human Resources, sent Ms. Martinez a text message asking Ms. Martinez to call her. During the call, Kianna asked Ms. Martinez if she had a copy of Mr. Platts' hotel key. Ms. Martinez sent the hotel key to Kianna along with a copy of her incident statement.

21.

On or about December 15, 2022, Kianna sent Ms. Martinez a text message asking Ms. Martinez to call her. During the call, Kianna told Ms. Martinez that the investigation was still pending due to the holiday break.

22.

On or about December 21, 2022, Kiana reached out to Ms. Martinez and told her the investigation was still ongoing and that due to the lack of work in Ohio, Ms. Martinez should file for unemployment.

23.

On or about January 11, 2023, Kianna called Ms. Martinez and told her that the investigation concluded and "due to your [Ms. Martinez] poor judgment" she was not permitted to be on the Road Crew. Ms. Martinez told Kianna that what happened in Mr. Platts' hotel room was not her fault. Kianna stated that it was

determined that Ms. Martinez created a "safety hazard" by following Mr. Platts to his hotel room, and that Ms. Martinez could not be allowed on the Road Crew because she might expose Capstone to liability. Kianna also told Ms. Hernandez that Capstone did not have work for her at the time. Shortly after the call with Kianna, Capstone removed Ms. Martinez from the payroll system.

24.

Mr. Platts' tortious conduct, including battery, has caused Plaintiff severe emotional distress.

25.

In refusing to allow Plaintiff to continue working and to go on the road crew, Defendant retaliated against Plaintiff for engaging in protected activity.

26.

As a result of Defendant's unlawful termination, Plaintiff has suffered damages, including lost wages and emotional distress.

**COUNT I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(As to Defendant Capstone Only)**

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Plaintiff engaged in protected activity under Title VII.

29.

Defendant Capstone subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff's employment) because Plaintiff engaged in protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of sexual harrassment.

30.

There was a causal connection between the protected conduct and the adverse action.

31.

As a direct and proximate result of Defendant Capstone's violations, Plaintiff has suffered economic and non-pecuniary damages.

32.

Defendant Capstone willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

33.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(As to Defendant Platts)**

34.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

35.

Defendant Platt's treatment of Plaintiff was so insulting as to naturally humiliate, embarrass, and frighten Plaintiff.

36.

Defendant Platts acted intentionally, willfully, maliciously and purposely, with the intent to inflict emotional distress upon Plaintiff, or with reckless disregard of the probability of causing Plaintiff emotional distress.

37.

Defendant Platts knew or should have reasonably known that as a result of the aforementioned extreme and outrageous conduct, Plaintiff would be subjected to severe emotional distress and pain and suffering.

38.

As a result of the aforementioned conduct of Defendant Platt, Plaintiff has suffered severe and grievous emotional distress, anxiety, nervousness, humiliation, and pain and suffering.

39.

Defendant Platt is liable for all general and special damages resulting from the intentional infliction of emotional distress.

40.

The foregoing acts of Defendant Platts were intentional and humiliating. Defendant Capstone acquiescence in the torts committed against its employee further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiff is accordingly entitled to recover from Defendant Platts, in addition to her compensatory damages, an award of punitive

damages under the law of Georgia, including but not limited to O.C.G.A. § 51-12-5.1, to punish Defendant Platts, or to deter him from repeating such wrongful acts.

**COUNT III – BATTERY**
**(As To Defendant Platts)**

41.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

42.

On every occasion Defendant Platts touched Plaintiff in an offensive manner without permission or other justification, Defendant Platts committed battery.

43.

Defendant Platts is liable for all general and special damages proximately resulting from each battery of Plaintiff.

44.

Defendant Platts have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

**COUNT IV – ATTORNEYS' FEES AND EXPENSES OF LITIGATION**
**(PURSUANT TO O.C.G.A. § 13-6-11)**
**(As To Defendant Platts Only)**

45.

Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

46.

Defendant Platts has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

47.

Plaintiff has put Defendant Platts on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendant Platts.

**COUNT V – PUNITIVE DAMAGES**
**(PURSUANT TO O.C.G.A. § 51-12-5)**
**(As To Defendant Platts Only)**

48.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

49.

The aggravating circumstances in Defendant Platts' commission of the conduct against Plaintiff and intentions in committing same, entitle Plaintiff to an award of punitive damages to deter Defendant Platts from repeating the trespass and as compensation for the wounded feelings of Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(C) Grant Plaintiff leave to add additional state law claims if necessary;

(D) Compensatory damages, including damages for mental and emotional suffering caused by Defendants' misconduct;

(E) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F) Back pay and all other pecuniary damages available;

(G) Equitable relief, including front-pay in lieu of reinstatement;

(H) Reasonable attorney's fees and expenses of litigation on Plaintiff's state law claims pursuant to O.C.G.A. § 13-6-11;

(I) Prejudgment interest at the rate allowed by law;

(J) All other relief to which Plaintiff may be entitled.

This 30th day of May, 2023.

**BARRETT & FARAHANY**

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
Benjamin J. Rollins
Georgia Bar No. 613751

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com
benjamin@justiceatwork.com